**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2831

_____

UNITED STATES OF AMERICA

v.

ANTOINE WIGGINS,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:18-cr-00459-001)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 17, 2024

_____

Before:  RESTREPO, PHIPPS, and McKEE, *Circuit Judges*

(Filed: September 27, 2024)

_____

OPINION[*]

_____

PHIPPS, *Circuit Judge*.

After Antoine Wiggins pleaded guilty to being a felon in possession of a firearm,
*see* 18 U.S.C. § 922(g)(1), the District Court calculated his sentencing range as 100 to
120 months, as capped by the ten-year statutory maximum, before varying downward and
sentencing Wiggins to 96 months in prison.  *See id.* § 924(a)(2) (2012) (amended by the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Bipartisan Safer Communities Act, Pub. L. No. 117-159, 136 Stat. 1313, 1329 (2022) (removing the statutory maximum for 18 U.S.C. § 922(g))). Wiggins now brings two challenges to the calculation of the Guidelines range for his sentence. On *de novo* review of issues of law, *see United States v. Caraballo*, 88 F.4th 239, 243 (3d Cir. 2023), and review of factual findings for clear error, *see id.* at 243–44, we will affirm the sentence imposed.

On May 28, 2018, police stopped Wiggins for driving without a seatbelt in Camden, New Jersey. During the stop, they learned of an active warrant for his arrest, and Wiggins briefly attempted to flee on foot. The police apprehended him, and he then told them that he had a handgun in the center console of his car and drugs in its trunk. Wiggins provided consent to search in writing and, consistent with his prior statement, the police uncovered a .22 caliber Beretta handgun, with a round in the chamber and seven more in the magazine, as well as crack cocaine in fifty-seven plastic containers of assorted color. After he was charged with one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Wiggins pleaded guilty through an open plea in which his sentence was undetermined.

Wiggins's initial sentencing hearing was held on January 23, 2020, but then continued for forty-four months until September 26, 2022, when the District Court sentenced him to 96 months in prison. The District Court arrived at that sentence by using a base offense level of 24 after finding that Wiggins committed the firearm offense following "at least two felony convictions of . . . a controlled substance offense." U.S.S.G § 2K2.1(a)(2); *see also id.* § 4B1.2(b) (defining 'controlled substance offense'). From there, the District Court applied a four-level enhancement based on its finding that Wiggins possessed the firearm in connection with another felony. *See id.* § 2K2.1(b)(6)(B).

Those findings, which took the offense level up to 28, along with a three-level downward adjustment for acceptance of responsibility, which reduced the offense level to 25, *see id.* § 3E1.1(a)–(b), and a criminal history in Category V, generated a Guidelines range of 100 to 125 months, which, by statute, could not exceed 120 months, *see* U.S.S.G. ch. 5, pt. A; *see also* 18 U.S.C. § 924(a)(2) (2012). Then, after considering Wiggins's allocution and the factors enumerated in 18 U.S.C. § 3553(a), the District Court varied downward to impose a 96-month prison term.

Wiggins timely invoked this Court's appellate jurisdiction to challenge the base offense level of 24 and the four-level enhancement. *See* 18 U.S.C. § 3742(a); Fed. R. App. P. 4(b); *see also* 18 U.S.C. § 3231 (giving district courts original and exclusive jurisdiction in federal criminal cases). If he succeeds on both fronts, his total offense level would be 12 and his new Guidelines range would be 27 to 33 months in prison. *See* U.S.S.G. §§ 2K2.1(a)(6)(A) (providing a base offense level of 14 if the defendant is prohibited from possessing a firearm at the time of the offense), 3E1.1(b) (limiting the reduction for acceptance of responsibility to two levels if the total offense level is below 16 before the application of any responsibility decrease).[1]

I.

Wiggins's challenge to the base offense level fails under Circuit precedent. In *United States v. Lewis*, 58 F.4th 764 (3d Cir. 2023), this Court determined that the term 'controlled substance' in the Guidelines refers to a "drug regulated by either state or federal

---

[1] If only his base-level challenge were successful, then that level of 14 would be increased by a net of one (plus four from the § 2K2.1(b)(6)(B) enhancement and minus three for acceptance of responsibility) yielding a sentencing range of 37 to 46 months. *See* U.S.S.G. § 2K2.1(a)(6)(A); *see also id.* § 3E1.1(b). If only the challenge to the four-level enhancement were successful, then his offense level of 25 would be reduced by four to 21 and the sentencing range would be 70 to 87 months. *See id.* § 2K2.1(a)(6)(A); *id.* § 3E1.1(b); *see also id.* § 2K2.1(b)(6)(B); *see generally* U.S.S.G. ch. 5, pt. A.

law." *Id.* at 771. Still, Wiggins argues that only convictions for violations of state laws that categorically match the drugs regulated under the Controlled Substances Act, *see* 21 U.S.C. § 812 (providing schedules of controlled substances), may constitute "controlled substance offense[s]" under the Guidelines, so the District Court should have concluded that his base offense level was 14, *see* U.S.S.G. § 2K2.1(a)(6)(A), rather than 24, *see id.* § 2K2.1(a)(2). But that argument is foreclosed by *Lewis*, as Wiggins concedes. Thus, the District Court correctly concluded that it did not need to determine whether New Jersey law defines 'cocaine' more broadly than federal law before it found that Wiggins's prior convictions for cocaine distribution were "controlled substance offense[s]." U.S.S.G. § 2K2.1(a)(2); *see also Lewis*, 58 F.4th at 771.

## II.

The District Court likewise did not err in applying the four-level enhancement under Guideline § 2K2.1(b)(6)(B). That subsection of the Guidelines imposes a four-level enhancement when a firearm is used or possessed "in connection with another felony." U.S.S.G. § 2K2.1(b)(6)(B). Based on these principles, Wiggins raises three challenges: (i) that he was not engaged in another felony because he was not drug trafficking; (ii) that even if he was drug trafficking, his possession of the Beretta .22 was not in connection with that activity; and (iii) that he rebutted any presumption that his firearm was connected with the drug trafficking.

## A.

Ample record evidence supports the District Court's conclusion that Wiggins was drug trafficking. He had many containers broken up for retail sale, which, as the District Court explained, would be a strange way to purchase drugs for individual use. The drugs were secreted away in the trunk, out of plain view. Also, the ready accessibility of the

loaded firearm suggests that Wiggins was seeking to protect himself and the drugs in a manner consistent with trafficking.

Wiggins's counterarguments do not amount to clear error. The absence of any cash in the vehicle is not enough to produce a "definite and firm conviction" that Wiggins was not trafficking. *Caraballo*, 88 F.4th at 244 (quoting *United States v. Napolitan*, 762 F.3d 297, 307 (3d Cir. 2014)). Nor does his concession that he was an occasional drug-user, coupled with the explanation that the assorted colors of the containers represented purchases from different dealers for personal use, sufficiently undermine the District Court's findings on clear error review under a preponderance-of-the-evidence standard. *See id.* at 244 (quoting *Napolitan*, 762 F.3d at 307).

### B.

The District Court did not clearly err in finding that the gun and drugs were connected. Wiggins had the loaded gun readily accessible to him while he transported the drugs in the same car, and the most obvious explanation for doing so is to protect himself and the drugs from would-be assailants. This fact also breaks Wiggins's attempted analogy to *United States v. West*, 643 F.3d 102 (3d Cir. 2011), because there, the defendant possessed a gun in the trunk, which would not immediately have been useful to protect that defendant's drugs stored in the glove compartment. *See id.* at 116 (explaining that the government failed to produce evidence that a gun in the trunk "served to protect the marijuana in [the defendant's] glove compartment"). Also, Wiggins himself associated the drugs and the gun by self-reporting both to the police at the same time. This record does not generate a definite and firm conviction that the drugs and the gun were not connected.

5

## C.

Wiggins's contention that the District Court misapplied a rebuttable presumption of a firearm-drug connection permitted by *United States v. Perez*, 5 F.4th 390 (3d Cir. 2021), fares no better. At the time of the initial sentencing hearing in January 2020, *Perez* had not been decided, and the District Court said nothing to indicate that it would presume a connection between the gun and drugs. By the time of the final sentencing hearing, *Perez* had been decided, and thus a sentencing court could then presume a connection between a firearm and a drug trafficking offense when the firearm was in close proximity to the drugs. *See id.* at 400. But *Perez* emphasized that the presumption was rebuttable upon consideration of four factors:

> (1) the type of gun involved, with handguns more likely to be connected with drug trafficking than hunting rifles;
> (2) whether the gun was loaded;
> (3) whether the gun was stored (or . . . possessed) near the drugs or drug-related items; and
> (4) whether the gun was accessible.

*Id.* at 401.

Even if the District Court relied on the *Perez* presumption, such a presumption cannot be rebutted here. That is so because the District Court made factual findings against Wiggins with respect to each of the *Perez* factors. It determined that that the gun was (1) a handgun, (2) loaded, (3) near the drugs, and (4) readily accessible. So, contrary to Wiggins's argument here, the District Court did not err by applying the § 2K2.1(b)(6)(B) enhancement.

\* \* \*

For the foregoing reasons, we will affirm the sentence imposed.

6